## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| IN RE:    CARL L. BLAUWKAMP, | Case No.  14-05130-JWB |
| | Chapter 7 Filed: 07/31/14 |
| Debtor. | Honorable James W. Boyd |
| | U.S. Bankruptcy Judge |

_____ /

ROYAL TECHNOLOGIES CORPORATION,

                    **Plaintiff,**

**v.**                                                  **Adv. Pro. Case No. 14-80196**

**CARL L. BLAUWKAMP,**

                    **Defendant.**

_____ /

## ANSWER TO COMPLAINT

       Carl L. Blauwkamp, Defendant, by his attorneys, Miller Johnson, as his answer to the Complaint, states as follows:

### Parties and Jurisdiction

       1.     Debtor commenced this case by filing a voluntary Chapter 7 petition on July 31, 2014.  Thomas R. Tibble is the Chapter 7 Trustee.

**ANSWER:  Admitted.**

       2.     Plaintiff, Royal Technologies, is a Michigan corporation with offices located at 3765 Quincy Street, Hudsonville, Ml 49426.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.**

       3.     This is an adversary proceeding brought pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4).

**ANSWER:  Admitted.**

4.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and various other applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

**ANSWER:  Admitted.**

5.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because this is an action to determine the non-dischargeability of a debt. Plaintiff consents to the entry of final orders and judgments by this Court.

**ANSWER:  It is admitted that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) with regard to determination as to the dischargeability of debt only.  In further answer, Defendant consents to the entry of final orders by this Court with regard the determination as to dischargeability of debt only.  To the extent Plaintiff seeks a judgment for damages against Defendant, the allegations set forth in paragraph 5 of the Complaint contain legal conclusions to which no response is required.**

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

**ANSWER:  Admitted.**

### General Allegations

7.     Royal Technologies is a skilled manufacturer that provides advanced molding, value added assembly and advanced fabrication services.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.**

8.     Lamar Construction acted as a general contractor on construction projects. On July 11, 2014, it filed a voluntary Chapter 7 bankruptcy case.

**ANSWER:  Admitted.**

2

9.      Defendant is an insider within the meaning of 11 U.S.C. § 101(31) of Lamar Construction Company ("Lamar Construction").  Defendant is an officer, employee and shareholder of Lamar Construction.

**ANSWER: Defendant admits he is an officer, employee and shareholder of Lamar Construction.  The remaining allegations set forth in paragraph 9 of the Complaint are legal conclusions to which no response is required.**

10.      On or about May 21, 2013, Royal Technologies and Lamar Construction entered into a construction contract (the "Contract"), a portion of which is attached as Exhibit 1. Pursuant to that Contract, Lamar Construction agreed to construct a manufacturing plant (the "plant" or "project") for Royal Technologies in Mission, Texas, and Royal Technologies agreed to pay for that work. Among other things, the Contract required Lamar Construction to submit periodic sworn statements requesting payment for work completed.

**ANSWER: Defendant admits that Exhibit 1 attached to the Complaint appears to be part of a contract between Royal Technologies and Lamar Construction.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.  In further answer, Defendant did not negotiate or sign such Contract.**

11.      Lamar Construction agreed to construct the plant in a careful, prudent and workmanlike manner and to deliver the plant in good condition.  Lamar Construction agreed to construct the building in a timely manner, to comply with all applicable laws and industry standards, and to pay subcontractors and suppliers on the project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.**

3

12.     Lamar Construction commenced construction on the plant in 2013. It submitted periodic Applications and Certifications for Payments to Royal Technologies. Lamar Construction promised that it would use the funds paid by Royal Technologies to pay subcontractors and suppliers on the project.  A sample of an Application and Certification for Payment is attached as Exhibit 2.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.  In further answer, Defendant did not sign such Application and Certification for Payment.**

13.     Despite the warranties and representations on the Applications and Certifications for Payment that Lamar Construction used all funds previously provided by Royal Technologies for purposes of paying subcontractors and suppliers, Lamar Construction actually used some of the funds provided by Royal Technologies for other purposes.  In 2014, Royal Technologies learned that in excess of $2,300,000 of funds provided by Royal Technologies pursuant to the Applications and Certifications for Payment had been used by Lamar Construction for purposes other than paying subcontractors and suppliers on the project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.   In further answer, Defendant did not sign such Applications and Certifications for Payment.**

14.     Lamar Construction fraudulently obtained funds from Royal Technologies and used those funds for improper purposes.

**ANSWER: Denied.**

15.     Defendant is an officer, employee and shareholder of Lamar Construction who was responsible for this construction project and the use of the funds for this project.

Defendant wrongfully and fraudulently caused Lamar Construction to use the funds provided by Royal Technologies for purposes other than paying subcontractors and suppliers on the project.

**ANSWER: Defendant admits he is an officer, employee and shareholder of Lamar Construction. Defendant denies the remaining allegations set forth in paragraph 15 of the Complaint.**

16.    As a result of the wrongful actions and omissions of Defendant, Royal Technologies has been obligated to pay a second time for the work of the subcontractors and suppliers on the project. To date, Royal Technologies has had to pay in excess of $2,300,000 to those subcontractors and suppliers despite having already paid Lamar Construction for that work.

**ANSWER: Defendant denies he engaged in any wrongful actions or omissions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint.**

17.    As a result of the actions and omissions of Defendant, Royal Technologies has suffered damages in excess of $2,300,000.

**ANSWER: Denied.**

### Count I - Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(2)

18.    Royal Technologies realleges and incorporates by reference the preceding allegations.

**ANSWER: Defendant incorporates by reference, as if fully restated here, its responses to paragraphs 1 through 17 of the Complaint.**

19.    In the Applications and Certifications for Payment submitted to Royal Technologies, Lamar Construction certified that it used funds previously provided by Royal Technologies to pay subcontractors and suppliers on the project, and that it would use the funds provided by Royal Technologies to pay subcontractors and suppliers on the project.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.  In further answer, Defendant did not sign such Applications and Certifications for Payment.**

20.    Lamar Construction knew or should have known that it did not use all the funds provided by Royal Technologies for purposes of the project but instead used at least $2,300,000 of those funds for other purposes.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.**

21.    Defendant, as a shareholder and senior management person at Lamar Construction, knew or should have known that the information provided to Royal Technologies regarding the status of the project, the payments and the work was false and misleading.  Despite what Defendant knew or should have known regarding the true state of affairs with respect to the financial aspects of the work on the project, Defendant wrongfully provided false and misleading information to Royal Technologies.  Defendant acted with intent to defraud Royal Technologies or acted with negligent or reckless disregard to the truth.

**ANSWER:  Denied.  In further answer, Defendant did not negotiate or sign the Contract with Royal Technologies, and did not sign any Applications and Certifications for Payment.**

22.    Royal Technologies relied upon the representation and statements of Defendant when it provided funds to Lamar Construction.  Defendant knew or should have known that Royal Technologies would rely upon his false and misleading representations. Royal Technologies made additional payments based upon these fraudulent misrepresentations.

**ANSWER: Denied.  In further answer, Defendant did not negotiate or sign the Contract with Royal Technologies, and did not sign any Applications and Certifications for Payment.**

23.     Defendant owes a debt to Royal Technologies that was obtained by false pretenses, false representations and actual fraud because he misrepresented what was done and what would be done with the funds paid by Royal Technologies to Lamar Construction.  The Applications and Certifications for Payment submitted to Royal Technologies were materially false, concerned Lamar Construction's financial condition, and Defendant intended to deceive Royal Technologies.

**ANSWER: Denied.  In further answer, Defendant did not negotiate or sign the Contract with Royal Technologies, and did not sign any Applications and Certifications for Payment.**

24.     The debt owed by Defendant to Royal Technologies is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

**ANSWER:  Denied.**

## Count II - 11 U.S.C. § 523(a)(4)

25.     Royal Technologies realleges and incorporates by reference the preceding allegations.

**ANSWER: Defendant incorporates by reference, as if fully restated here, its responses to paragraphs 1 through 24 of the Complaint.**

26.     The debt owed by Defendant to Royal Technologies arises from fraud or defalcation while Defendant acted in the fiduciary capacity.

**ANSWER:  Denied.**

27.    MCLA § 570.151, *et seq.* is known as the Michigan Building Contract Fund Act (the "Act") or sometimes the Michigan Builder's Trust Fund Act. MCLA § 570.151 provides as follows:

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

**ANSWER: Without admitting that the Michigan Building Contract Fund is applicable, Defendant admits that MCLA § 570.151 so states.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.**

28.    Under the Act, all funds paid by Royal Technologies to Lamar Construction in connection with the project were held by Lamar Construction and its shareholders, officers, directors and employees in trust for the benefit of Royal Technologies. All the funds paid to Lamar Construction by Royal Technologies were for building construction purposes.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.**

29.    MCLA § 570.152 provides as follows:

> Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of a felony in appropriating such funds to his own use while any amount for which he

> may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any person so defrauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.

**ANSWER: Without admitting that the Michigan Building Contract Fund is applicable, Defendant admits that MCLA § 570.152 so states.**

30.    Accordingly, general contractors such as Lamar Construction must first pay subcontractors, laborers and suppliers with money provided by an owner such as Royal Technologies to the general contractor under a building contract before appropriating the funds to any other use.  The failure to do so is a felony.  Lamar Construction violated the Act and committed a felony because it used funds paid by Royal Technologies for purposes other than paying subcontractors, laborers and suppliers on the project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.**

31.    Michigan law provides that a corporate officer who causes a corporation to violate the Act is liable for the violation and the resulting debt.  Defendant caused Lamar Construction to violate the Act.

**ANSWER: Denied.**

32.    Defendant knew or should have known that some of the funds paid by Royal Technologies were used for purposes other than the project.  Defendant's defalcation was intentional. Alternatively, Defendant's conduct was reckless, and Defendant consciously disregarded a substantial or unjustifiable risk that his conduct was a violation of his fiduciary duty.

**ANSWER: Denied.**

33.    Defendant committed fraud or defalcation while acting in a fiduciary capacity because Defendant owed a fiduciary duty to Royal Technologies to use the funds paid by Royal Technologies strictly for purposes of paying subcontractors and suppliers on the project. Defendant caused Lamar Construction, purposely or recklessly to misallocate funds for the project.

**ANSWER: Denied.**

34.    Defendant is liable to Royal Technologies for all injuries and damages suffered by Royal Technologies arising from the acts and omissions of Defendant. The debt owed by Defendant to Royal Technologies is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER: Denied.**

## AFFIRMATIVE DEFENSES

Defendant raises the following affirmative defenses:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by payment, waiver and/or equitable estoppel.

3.    Plaintiff's claims are barred in whole or in part because no fiduciary relationship sufficient to satisfy 11 U.S.C. § 523(a)(4) existed between the parties.

4.    Plaintiff's claims are barred in whole or in part because Defendant did not engage in any fraud and made no false representations to Plaintiff sufficient to satisfy 11 U.S.C. § 523(a)(2).

5.    Plaintiff's claims are barred in whole or in part by release or satisfaction.

6.    Plaintiff's claims are barred in whole or in part by Plaintiff's election of remedies.

7.      Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

8.      During the times of the alleged transactions described in the Complaint, Lamar Construction was under the effective control or, and acting at the direction of, third parties, and not Defendant.

9.      Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant respectfully requests that this Court:

A.      Dismiss the Complaint filed against him;

B.      Award Defendant his attorneys' fees and costs incurred in defending this action; and

C.      Grant Defendant such other and further relief as this Court may deem just, equitable and proper.


MILLER JOHNSON
Attorneys for Defendant


Dated: September 11, 2014          By:  /s/ Rachel L. Hillegonds
                                       Robert D. Wolford (P62595)
                                       wolfordr@millerjohnson.com
                                       Rachel L. Hillegonds (P67684)
                                       hillegondsr@millerjohnson.com
                                       Business Address:
                                       250 Monroe Avenue, NW, Suite 800
                                       P.O. Box 306
                                       Grand Rapids, MI 49501-0306
                                       (616)  831-1700