UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CARL L. BLAUWKAMP,

      Debtor.
_____/

ROYAL TECHNOLOGIES CORPORATION,

      Plaintiff,

-vs-

CARL L. BLAUWKAMP,

      Defendant.
_____/

Case No. BG 14-05130
Chapter 7

Adversary Proceeding
No. 14-80196

## FIRST PRETRIAL ORDER

A first pretrial conference respecting the above adversary proceeding took place in Grand Rapids, Michigan, on October 14, 2014. Appearing at the pretrial conference were:

Scott H. Hogan, Esq., attorney for Plaintiff.

John Piggins, Esq for Rachel L. Hillegonds, Esq., attorney for Defendant.

Jurisdiction

      Jurisdiction exists pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

      The Plaintiff has consented to this bankruptcy court entering a final order. See Complaint, AP Dkt. No. 1, at ¶ 5.]

      The Defendant has consented to this bankruptcy court entering a final order. See Answer, AP Dkt. No. 4, at ¶ 5.]

Issues

1. Does the Debtor-Defendant owe the Plaintiff a nondischargeable debt for fraud under 11 U.S.C. § 523(a)(2)?

2. Does the Debtor-Defendant owe the Plaintiff a nondischargeable debt for defalcation in a fiduciary capacity under 11 U.S.C. § 523(a)(4) and the Michigan Builder's Trust Fund Act, MCLA § 570.151 et seq.?

3. The Debtor-Defendant has asserted several affirmative defenses, including that:

    a. Plaintiff has failed to state a claim upon which relief can be granted;
    b. Plaintiff's claims are barred in whole or in part by payment, waiver and/or equitable estoppel;
    c. Plaintiff's claims are barred by release or satisfaction;
    d. Plaintiff's claims are barred by Plaintiff's election of remedies;
    e. Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

Pleadings

All parties believe that the pleadings are now in order.

In the event that any party desires to file an amended pleading, such pleading shall only be filed upon stipulation by the other party (or parties) or pursuant to court order, after filing a motion to amend.

Discovery

Discovery in this adversary proceeding shall remain open until further order of the court. A deadline for the completion of discovery will likely be established at the Second Pretrial Conference.

Settlement and Facilitative Mediation

The court encourages settlement and requires the parties to consider Alternative Dispute Resolution. Specifically, the court encourages the use of a facilitative mediation option whereby the parties mutually agree upon a mediator who (a) has completed the Institute of Continuing Legal Education (ICLE) 40 hour civil mediation training, or similar training (b) has completed at least one mediation, and (c) has at least ten years' experience practicing primarily bankruptcy or other insolvency law. In the event that the parties are unable to agree upon a facilitative mediator, the Court would select a facilitative mediator based upon the parties' proposed mediators or would select a mediator in its discretion.

2

The parties shall discuss facilitative mediation prior to the Second Pretrial Conference. If the parties agree to facilitative mediation, both parties shall file a notice of same with the court on or before **January 22, 2015**. Upon receipt of such a notice, the court may enter a separate order regarding facilitative mediation. The order will likely adjourn the Second Pretrial Conference.

Rule 7026(f) Conference & Discovery Plan

The parties shall meet at least once in person or telephonically prior to the Second Pretrial Conference to discuss: (a) the nature and basis of their claims and defenses; (b) the possibility of a prompt resolution of the adversary proceeding; (c) what additional discovery may be needed and when discovery should be completed; (d) arrangements for providing the disclosures required by Fed. R. Bankr. P. 7026(a)(1). Prior to the Second Pretrial Conference, the parties shall file with the court a report, signed by all parties, outlining the discovery plan.

Subsequent Pretrial Conference Date

A second pretrial conference will be held on **January 22, 2015 at 11:00 a.m.** in Grand Rapids, Michigan.

Dated: 10-15-14
at Grand Rapids, Michigan

Honorable James W. Boyd
United States Bankruptcy Judge

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon:

Scott H. Hogan, Esq.
Rachel L. Hillegonds, Esq.

3